IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EPSON AMERICA, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| FORMOVIE INNOVATIVE TECHNOLOGY Co., Ltd., | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of defendant Formovie Innovative Technology Co., Ltd.'s ("Defendant" or "Formovie") misconduct and alleges as follows:

**NATURE OF THIS ACTION**

1. This is an action for false advertising arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

**JURISDICTION AND VENUE**

2. This action arises under 15 U.S.C. § 1125(a). This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as the primary claim arises under the trademark laws of the United States.

3. Defendant is subject to personal jurisdiction in this forum because it sells products within the United States, the Commonwealth of Massachusetts, and this District; because Defendant misrepresented the nature of products to residents of the United States, the

1

Commonwealth of Massachusetts, and this District; because Defendant has caused injury to Epson in the United States, the Commonwealth of Massachusetts, and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the United States, the Commonwealth of Massachusetts, and this District; because Defendant regularly conducts or solicits business within the United States, the Commonwealth of Massachusetts, and this District; because Defendant regularly and systematically directs electronic activity into the United States, the Commonwealth of Massachusetts, and this District with the manifest intent of engaging in business within the United States, the Commonwealth of Massachusetts, and this District, including the sale and/or offer for sale of products to Internet users within the United States, the Commonwealth of Massachusetts, and this District, and because, upon information and belief, Defendant has entered into contracts with residents of the United States, the Commonwealth of Massachusetts, and this District for the sale of items through various online retail platforms. Moreover, for each of the reasons stated above, personal jurisdiction is also proper pursuant to Fed. R. Civ. P. 4(k)(2).

4. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California. It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. Epson has been a leading innovator in its field since it was founded in 1942.

6. Upon information and belief, Defendant Formovie sells, *inter alia*, projector products through its own webpage and other online platforms such as Amazon.com.

7. This action seeks redress for Defendant's deliberate and unlawful misleading representations regarding the light output of their projectors. Defendant uses false claims regarding the light output of their projectors in their product descriptions and advertising.

## FACTS GIVING RISE TO THIS ACTION

**Portable Consumer Projectors**

8. While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

9. Today, consumers use digital projectors in the same way as television or computer screens. Digital projectors receive video signals from external devices, such as computers, and "project" those signals onto a screen.

10. Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently-mounted projectors for home theaters.

11. Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

12. Projector light output is measured and described in lumens. The higher the lumen rating, the brighter the projector, and, all else being equal, the more it will likely cost.

13. The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers, and one that necessarily impacts consumer choice.

**Epson Projectors**

14. Epson is recognized throughout the world and the United States as a leading projector manufacturer.

15. As a market leader, Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors. Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

16. Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available.

**Defendant's False Advertising of its Projectors**

17. Defendant is a direct competitor of Epson in the portable consumer projector market. Defendant sells and offers for sale projectors to consumers throughout the United States via various online commerce sites including, but not limited to, Amazon.com.

18. Defendant sells its projectors under various models including, but not limited to, the following: Formovie Theatre 4k and the Formovie P1.

19. On Defendant's Amazon.com product page, Defendant advertises the following brightness values for their Theatre 4k projector model:






**2800 ANSI Lumens, Crisp and Clear Anytime**

Vibrant and bright colors can be accessed easily during daylight or even with ambient lights on with 2800 ANSI Lumens.

**Ultra Short Throw, Large Projection**

Formovie THEATER has a throw ratio of 0.23:1, enabling it to throw a 100" projection with an ultra short throw distance of just 9". Its maximum projection size is 150". The best part is Formovie THEATER is wireless with a hassle-free







20. On Defendant's Amazon.com product page, Defendant advertises the following brightness values for their P1 projector model:




8

| P1 | Picture | Keystone Correction | Screen Casting | Others |

**Specifications**

| | |
|---|---|
| **Dimensions**<br>150.8 × 83 × 24.6mm | **Weight**<br>0.3kg |
| **Color**<br>Black | **Display**<br>0.23" DMD |
| **Light Source**<br>Laser | **Native Resolution**<br>960*540P(qHD) |
| **Throw Ratio**<br>1.2 : 1 | **Picture Size**<br>40" to 100" |
| **Keystone**<br>Vertical auto-keystone correction | **Brightness**<br>800 lm |

21.     Defendant's own webpage - formovie.com – makes similar brightness claims for each model.

22.     As shown above, Defendant often utilizes the ANSI standard for measuring the brightness of their projectors.  The ANSI Standard establishes protocols for measuring and communicating important performance attributes of projectors - including how to measure and communicate lumens.

23.     Each of the above brightness values are prominently displayed in both the projectors' listing page titles as well as throughout the projectors' listing pages.

24.     Defendant makes these statements, recognizing the importance of brightness to a consumer.

9

25. In order to gain initial traction in the United States projector marketplace, Formovie is purposefully and deceptively inflating the brightness specification of its projectors.

26. Epson tested the brightness of several of Defendant's Theatre 4K and P1 projectors. Of the Formovie projectors tested by Epson, each projector tested significantly below its advertised brightness value.

27. Defendant's purposeful inflation of the brightness specification of its projectors has caused significant confusion in the marketplace.

28. As a result, purchasers of any of Formovie's projectors are likely to be, and have actually been, misled and deceived by Formovie's literally false product labeling, descriptions, and advertisements.

29. Consumers expect the represented product specifications to be accurate for Formovie's projectors, as they base their purchasing decisions in large part on these representations. In fact, consumers that purchase Defendant's projectors receive projectors with drastically lower performance outputs.

30. Formovie's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendant's products over Epson's products.

31. The natural, probable, and foreseeable result of Formovie's wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

32. By means of example, after having a poor experience with Formovie's projector with an improperly inflated lumen value of "2800 lumen," the consuming public is less likely to purchase a projector with a lumen rating of 2800 lumens as consumers will be unaware that Formovie's "2800 lumen" projector is not representative of the performance of a true 2800 lumen projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace.

33. Epson is informed and believes that Formovie's wrongful conduct has resulted in increased sales and market share of Formovie's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

34. Epson has sustained and will continue to sustain irreparable damages as a result of Formovie's wrongful conduct, unless enjoined.

## COUNT I

### False Advertising / Unfair Competition - Lanham Act

35. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding their products. These advertisements contain actual misstatements and/or misleading statements, including the light outputs of their projectors - attributes important to a consumer's purchasing decision. These literally false statements and product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

37. Defendant's false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

38. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

39. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

40. Defendant's actions are willful and done solely to improperly gain market share.

41. Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the damages sustained by Epson as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

42. Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendant the gains, profits, and advantages that they have obtained as a result of its unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

43. Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

44. WHEREFORE, Epson prays for judgment against Formovie as follows:

45. For temporary, preliminary, and permanent injunctive relief prohibiting Formovie, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Formovie to sell its products, from engaging in false or misleading advertising with respect to its projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all Formovie's products from online commerce sites, such as, but not limited to, Amazon.com, as well as retail stores, until such a time as Formovie can correct its false or misleading advertisements;

46. For an order requiring Formovie to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Formovie's projectors, including without limitation, the placement of corrective advertising and providing written notice to the public and its prior customers;

47. That Formovie be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Epson by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendant's projectors;

48. That Epson be awarded damages it has sustained in consequence of Defendant's conduct including, but not limited to, its loss of market share;

49. That Epson be awarded Defendant's profits obtained by Defendant as a consequence of its conduct;

50. That such damages and profits be trebled and awarded to Epson as a result of Defendant's willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

51. That Epson be awarded exemplary and punitive damages;

52. That Epson recover its costs and reasonable attorneys' fees;

53. That all of Defendant's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

54. That Epson be granted prejudgment and post judgment interest; and

55. That Epson be awarded such further relief as the Court deems just and proper.

## JURY TRIAL CLAIM

Epson claims a trial by jury on all issues so triable.

Boston, Massachusetts
Dated:  June 13, 2023

/s/ *Morgan T. Nickerson*
Morgan T. Nickerson (BBO #667290)
morgan.nickerson@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100
(617) 261-3175

ATTORNEY FOR PLAINTIFF EPSON AMERICA, INC.